IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: ) | Misc. No. 08-0442 (TFH) | |
| GUANTANAMO BAY ) | | |
| DETAINEE LITIGATION ) | Civil Action Nos. | |
| ) | | |
| ) | 02-cv-0828, 04-cv-1136, 04-cv-1164, 04-cv-1194, 04-cv-1254, | |
| ) | 04-cv-1937, 04-cv-2022, 04-cv-2046, 04-cv-2215, 05-cv-0023, | |
| ) | 05-cv-0247, 05-cv-0270, 05-cv-0280, 05-cv-0329, 05-cv-0359, | |
| ) | 05-cv-0492, 05-cv-0520, 05-cv-0526, 05-cv-0569, 05-cv-0634, | |
| ) | 05-cv-0748, 05-cv-0763, 05-cv-0764, 05-cv-0877, 05-cv-0879, | |
| ) | 05-cv-0883, 05-cv-0891, 05-cv-0892, 05-cv-0993, 05-cv-0994, | |
| ) | 05-cv-0998, 05-cv-0999, 05-cv-1048, 05-cv-1189, 05-cv-1124, | |
| ) | 05-cv-1220, 05-cv-1244, 05-cv-1347, 05-cv-1353, 05-cv-1429, | |
| ) | 05-cv-1457, 05-cv-1458, 05-cv-1487, 05-cv-1490, 05-cv-1493, | |
| ) | 05-cv-1497, 05-cv-1504, 05-cv-1506, 05-cv-1555, 05-cv-1592, | |
| ) | 05-cv-1601, 05-cv-1607, 05-cv-1623, 05-cv-1638, 05-cv-1645, | |
| ) | 05-cv-1646, 05-cv-1667, 05-cv-1678, 05-cv-1697, 05-cv-1971, | |
| ) | 05-cv-1983, 05-cv-2010, 05-cv-2088, 05-cv-2104, 05-cv-2185, | |
| ) | 05-cv-2199, 05-cv-2249, 05-cv-2349, 05-cv-2367, 05-cv-2371, | |
| ) | 05-cv-2378, 05-cv-2379, 05-cv-2380, 05-cv-2384, 05-cv-2385, | |
| ) | 05-cv-2386, 05-cv-2387, 05-cv-2444, 06-cv-0618, 06-cv-1668, | |
| ) | 06-cv-1675, 06-cv-1684, 06-cv-1690, 06-cv-1758, 06-cv-1765, | |
| ) | 06-cv-1766, 06-cv-1767, 07-cv-1710, 07-cv-2337, 07-cv-2338, | |
| ) | 08-cv-1104, 08-cv-1153, 08-cv-1185, 08-cv-1207, 08-cv-1221, | |
| ) | 08-cv-1223, 08-cv-1224, 08-cv-1228, 08-cv-1230, 08-cv-1232, | |
| ) | 08-cv-1233, 08-cv-1237, 08-cv-1238, 08-cv-1360, 08-cv-1440, | |
| ) | 08-cv-1733, 08-cv-1789, 08-cv-1805, 08-cv-1828, 08-cv-1923, | |
| ) | 08-cv-2019, 08-cv-2083 | |
| ) | | |

**RESPONDENTS' NOTICE OF PRIOR DISCLOSURE OF EXCULPATORY EVIDENCE
AND MOTION FOR EXTENSION OF TIME**

**PRELIMINARY STATEMENT**

The government believes that it has substantially complied with the Case Management Orders ("CMOs") that require the government to disclose to a petitioner "all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner." *See*, *e.g.*, Judge Hogan's Amended

1

CMO Section I.D.1 (amended Dec. 16, 2008) (describing "exculpatory" information). During the entire time that the government has been compiling factual returns in the context of this litigation, Respondents have been committed to undertaking a fulsome and thorough effort to locate and disclose such evidence encountered by the attorneys preparing the returns. In the December 16, 2008 amendment to Judge Hogan's CMO, the Court defined "reasonably available evidence" to include all information reviewed by the government's attorneys preparing factual returns for all Guantanamo detainees, and not just the information reviewed in a particular detainee's case. Over the past fourteen days, the government has been diligently undertaking steps to review that universe of materials to ensure compliance with the CMOs. Although the government believes that it has substantially complied with the CMOs' exculpatory evidence obligations and can give notice of that, Respondents take these Court-ordered obligations very seriously and need to conduct an appropriate, systematic review of the universe of materials identified in the CMOs to ensure compliance with the Courts' orders and that the required certification is appropriate. Respondents, therefore, respectfully request an extension of time, until January 30, 2009, to provide such certification and any additional exculpatory information identified during its compliance review. Although the government requests additional time to ensure its compliance with the Courts' orders, that extension need not delay these proceedings. Petitioners may file traverses at the earliest possible date, and discovery in individual cases may then proceed to the extent appropriate. Should the government discover additional exculpatory information during its compliance review, it will be shared with the petitioner's counsel, and the government will consent to an appropriate amendment or supplementation of the traverse.

**BACKGROUND AND ARGUMENT**

Most of the above-referenced cases are subject to the rules and deadlines set forth in Judge Hogan's CMO, which was first entered in D.D.C. Misc. No. 08-442 on November 6, 2008 (dkt. no. 940), and amended on December 16, 2008 (dkt. no. 1315). In Section I.D.1 of the CMO issued by Judge Hogan on November 6 ["November 6 CMO"], the government was ordered to "disclose . . . all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner." Because of the uncertainty surrounding the precise meaning of "reasonably available evidence" in the context of this Order, Respondents filed a motion on November 18 seeking, *inter alia*, clarification that the government's practice of providing each petitioner with exculpatory evidence discovered during the preparation of that party's factual return satisfied the disclosure obligation contemplated by the Court. On November 21, the Court stayed the deadlines for exculpatory disclosures pending consideration of the government's motion. Misc. No. 08-442 (D.D.C. Nov. 21, 2008) (dkt. no. 1026). On December 16, Judge Hogan ruled on the government's motion and amended Section I.D.1 to specify that "'reasonably available evidence' means evidence contained in any information reviewed by attorneys preparing factual returns for all detainees," thereby significantly broadening the universe of information that government attorneys must review for potentially exculpatory information as to any particular petitioner.

With regard to cases in which factual returns had already been filed, Judge Hogan ordered the government to disclose any such exculpatory evidence within fourteen days of the December 16 Order [i.e., December 30, 2008], along with a certification stating that the government had disclosed the exculpatory evidence or that it did not possess such evidence. In all other cases,

Judge Hogan ordered the production of disclosures and/or certifications within fourteen days of the date on which the government files its factual return.

Although Judge Hogan's CMO has been entered in most cases in which Respondents are submitting this motion, several of the Merits Judges assigned to these cases have set their own rules for the disclosure of exculpatory evidence, which amplify and/or supersede those prescribed by Judge Hogan.  *See*, *e.g.*, CMOs entered in Civ. Nos. 05-0763, 05-1646 (JDB) (D.D.C. Dec. 22, 2008) (ordering disclosure of exculpatory evidence by January 9, 2009); Civ. Nos. 04-1164, 05-0879, 05-0883, 05-0891, 05-0999, 05-1493, 05-1667, 05-1697, 05-2104, 05-2386, 06-1675, 06-1690, 07-1710, 08-1360, 08-2019 (RBW) (D.D.C. Dec. 19, 2008) (ordering disclosure of exculpatory evidence by January 9, 2009 in cases where factual returns have been filed, and within twenty-one days of filing of returns in all other cases).  This motion is being filed in those cases to the extent they are governed by CMOs that require Respondents to submit exculpatory evidence and/or certifications prior to January 30, 2008.[1]

Respondents submit this request for additional time even though the government believes that any exculpatory evidence has already been identified and disclosed in cases where factual returns have been filed.  Indeed, as noted above, Respondents have been committed to undertaking a fulsome and thorough effort to locate and disclose evidence meeting the definition stated in Section I.D.1 of Judge Hogan's November 6 CMO, i.e., "all reasonably available evidence in [the government's] possession that tends materially to undermine the information

---

[1] By submitting these requests in a single motion, Respondents do not intend to circumvent Judge Hogan's instruction in his CMO that all motions to amend be directed to the Merits Judges.  Rather, Respondents are filing a single motion for the sake of economy, given that the reasons for seeking an extension are identical in all cases where an extension is necessary.

presented to support the government's justification for detaining the petitioner." As explained in Respondents' Motion for Clarification and Reconsideration of the November 6 CMO, Respondents have been disclosing such evidence encountered by government attorneys during the preparation of factual returns. *See* Motion for Clarification and Reconsideration at 7-10; *see also* Government's Notice Pertaining to Production of Exculpatory Information, Misc. No. 08-442 (D.D.C. Nov. 20, 2008) (dkt. no. 1022) (certifying compliance with exculpatory disclosure requirement as outlined in November 6 CMO). Such preparation has included review of information included in the records of a detainee's Combatant Status Review Tribunal and Administrative Review Board proceedings, as well as additional information reasonably available to the Department of Defense. *See* Motion for Clarification and Reconsideration at 7-8 (citing Declaration of Gordon England ¶¶ 7-8). In amending the November 6 CMO, however, Judge Hogan has required the government to conduct a search for exculpatory information within a universe of information significantly broader than the information previously reviewed in any particular case. Additionally, the various CMOs entered in these cases require the government to take the unusual and unprecedented step of certifying that it has disclosed any exculpatory evidence contained within this vast repository of information. Thus, the provision of exculpatory evidence pursuant to the CMOs is quite different from the government's compliance with obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), or FED. R. CRIM. P. 16(a), in which the government's disclosure is neither court-ordered nor accompanied with a certification requirement.

     Respondents, of course, take such court-ordered obligations very seriously, and while the government believes that it has disclosed the exculpatory information in cases where returns have

5

been filed, Respondents require an enlargement of time in order to conduct an appropriate, systematic review of the substantial quantity of materials that must be examined pursuant to Section I.D.1 of Judge Hogan's Amended CMO. Indeed, such additional time is crucial for the government to be able to certify that it has fulfilled its obligations under that subsection. Respondents note that only fourteen days have passed since Judge Hogan ordered the government to conduct a more expansive search for exculpatory evidence in more than 150 cases. In order to comply with this directive, Respondents have worked diligently to implement a system that allows government attorneys to conduct efficient searches for potentially exculpatory materials within a universe containing the tens of thousands of pages of documents that fall within the scope of Judge Hogan's definition of "reasonably available evidence." As of the date of this motion, government attorneys are searching for and examining materials that primarily relate to detainees other than those in their own cases (most of which will likely be immaterial, but which must be reviewed) to locate any exculpatory information relating to the petitioners in question. The government is systematically cross-checking information reviewed in all detainee cases to ensure that exculpatory evidence was provided as appropriate in each particular case. Because of the time-consuming nature of this undertaking, Respondents estimate that a systematic review will take approximately thirty days from the date of this motion. Therefore, Respondents respectfully ask the Court to extend the deadline for providing exculpatory disclosures and certifications until January 30, 2009, in all cases where such materials are due prior to that date.

Although Respondents are aware that the CMOs impose upcoming deadlines for the filing of traverses, Petitioners would not be prejudiced if the government's request for additional time is granted because, in most of these cases, the traverse due-dates are keyed to the later of the filing

of the exculpatory certification or unclassified version of the factual return.  *See*, *e.g.*, Section I.G of Judge Hogan's Amended CMO.  Thus, if this motion is granted, Petitioners would have the option of either filing their traverses so that Merits Judges may begin considering individual discovery requests, or, alternatively, taking additional time to compile their traverses.  In requesting additional time to complete certification, Respondents are not seeking to delay these cases from proceeding on the merits, but simply are seeking to ensure compliance with the Court's order, particularly in light of the unprecedented certification requirement imposed by the Court.  Indeed, Respondents encourage Petitioners to file their traverses at the earliest opportunity so that these cases may proceed on the merits without further delay.  As noted above, the government believes it has already substantially complied with the order to disclose reasonably available exculpatory information.  However, in order that the filing of traverses not be delayed by this extension request, Respondents hereby consent to an appropriate amendment or supplementation of traverses filed prior to the certification in the event that any additional exculpatory information is disclosed as a result of the government's compliance review.  Respondents also consent to an appropriate extension of the filing dates for merits-related briefing under the CMOs that are keyed to the filing of a traverse.  Thus, the requested extension need not cause material delay in the adjudication of these cases, and Petitioners cannot claim meaningful prejudice.  Instead, Petitioners can file their traverses, and courts can begin considering individual discovery requests, while the government simultaneously completes its compliance review by January 30.

## **CONCLUSION**

For all of the foregoing reasons, Respondents respectfully request that the Court extend the deadline for filing exculpatory disclosures and certifications to January 30, 2009, in all cases where such materials must be submitted prior to that date.[2]

---

[2] In an effort to comply with Local Rule 7(m), Respondents notified opposing counsel on December 24, 2008 of our intention to file this extension motion, provided counsel with a brief summary of the reasons stated herein for needing an extension, and sought counsel's consent to the relief requested. Respondents received responses from attorneys representing at least 70 petitioners in these cases. Attorneys for 19 of these petitioners consented outright to the requested extension. *See* Respondents' Ex. A (listing cases in which consent was granted). Counsel for approximately 25 detainees offered to agree to the extension provided that the government satisfied certain conditions. Among the proposed conditions, several attorneys requested that the government confirm its understanding of various provisions in the CMOs governing the disclosure of exculpatory evidence. One attorney responded without indicating whether he opposed the motion. The remaining attorneys expressed their opposition to the requested extension, with several in this group indicating that they would consent to a shorter extension than the one being sought.

Date: December 30, 2008						Respectfully submitted,

							GREGORY KATSAS
							Assistant Attorney General

							JOHN C. O'QUINN
							Deputy Assistant Attorney General

							 /s/ Jonathan S. Needle
							JOSEPH H. HUNT (D.C. Bar No. 431134)
							VINCENT M. GARVEY (D.C. Bar No. 127191)
							TERRY M. HENRY
							ANDREW I. WARDEN
							JONATHAN S. NEEDLE
							Attorneys
							United States Department of Justice
							Civil Division, Federal Programs Branch
							P.O. Box 883
							Washington, D.C. 20044
							Tel:  (202) 305-0037
							Fax: (202) 616-8470
							Attorneys for Respondents