

FILED WITH
COURT SECURITY OFFICER
6/22/09
DATE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NADIR OMAR ABDULLAH BIN SA'ADOUN ALSA'ARY (ISN 030), )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BARACK H. OBAMA, *et al.*, )<br>)<br>Respondents. ) | Civil No. 09-745 (RCL) |

## MEMORANDUM OPINION

Petitioner is challenging the legality of his detention at the United States Naval Base in Guantanamo Bay, Cuba ("Guantanamo"). Before the Court is petitioner's First Motion [1096] for Leave to Take Discovery. As explained herein, petitioner's motion shall be granted in part and denied in part.

### I. BACKGROUND

The Court is operating under the Case Management Order ("CMO") issued by Judge Hogan of this Court in the consolidated Guantanamo habeas cases (Misc. No. 08-442) on November 6, 2008, as amended on December 16, 2008.[1] Petitioner seeks discovery under

---

[1] The Amended CMO was later amended further by Judge Walton of this Court. *Gherebi v. Bush*, Civ. No. 04-1164, Order [797] (D.D.C. Dec. 19, 2008) (Walton, J.). Because that Order was issued before petitioner's case was transferred from Judge Walton to the undersigned member of the Court, it is binding on petitioner's case. However, Judge Walton's amendments do not affect Amended CMO § I.E, which is the only section at issue for most of petitioner's requests.

1



Amended CMO § I.E.2. (Mot. at 3.) Most of petitioner's requests stem from statements made by respondents in their Factual Return ("Return"), in which respondents set forth their justifications for petitioner's detention. Section I.E.2 states that

> [t]he Merits Judge may, for good cause, permit the petitioner to obtain limited discovery beyond that described in [Section I.E.1, which deals with documents that are themselves cited in the Return and the petitioner's own statements]. Discovery requests shall . . . (1) be narrowly tailored, not open-ended; (2) specify the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that demonstrates that petitioner's detention is unlawful; and (4) explain why the requested discovery will enable the petitioner to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the government.

Amended CMO § I.E.2 (citations omitted). The Court will consider each of petitioner's requests and will only grant those which comply with the Amended CMO.

Before moving on to petitioner's individual discovery requests, the Court will address the Amended CMO § I.E.2 requirement that requests not be unfairly disruptive or unduly burdensome to the government. Petitioner does not specify where any of the discovery he is seeking is located. In order to avoid undue burden on the government, the Court will only consider petitioner's discovery requests insofar as they seek *reasonably available* evidence. In the context of this opinion, "reasonably available" evidence means evidence contained in any information reviewed by attorneys preparing factual returns for all detainees held at Guantanamo Bay or any other United States military facility; it is not limited to the evidence discovered by attorneys preparing factual returns for this petitioner. *See Gherebi v. Bush*, Civ. No. 04-1164, Order [797] (D.D.C. Dec. 19, 2008) (Walton, J.) (amending slightly Amended CMO § I.D.1).

2

## II. PETITIONER'S DISCOVERY REQUESTS

### A. Circumstances Surrounding Petitioner's Statements Cited in Return (Pet'r Req. #19)

Petitioner seeks "any and all documents discussing the circumstances surrounding" petitioner's statements cited in the Return, including "the location of the interrogation and any reports of abuse, coercion[,] or inhuman or degrading treatment [petitioner] may have suffered." Respondents recognize that information as to the circumstances of petitioner's statements falls clearly within the discovery allowed by Amended CMO § I.E.1. However, respondents argue that they have already complied with their § I.E.1 obligation by disclosing "information about the circumstances" surrounding all such statements. Petitioner offers no reason to believe that the government has not fulfilled its obligation here, nor does he allege abuse, coercion, or inhuman or degrading treatment. Accordingly, petitioner's request shall be denied as moot.

### B. Statements by Other Detainees Relied Upon in the Return (Pet'r Reqs. # 2, 6, 8, 10, 13, 15, 17)

Respondents' Return relies upon statements by other Guantanamo detainees in setting forth its legal basis for petitioner's detention. Respondents have disclosed those statements (or summaries thereof) but only in the forms in which the Return relied upon them. Petitioner now seeks "any audio or video tapes, transcripts[,] or original reports of interrogations" for seven of these other detainees[2]—that is, all other forms of the relied-upon statements. In support of these requests petitioner cites an opinion by another judge of this Court ordering production of

3

statements, in various forms, relied upon in a factual return. *Zaid v. Obama*, Civ. No. 05-1646, Order [116] (Jan. 14, 2009) (Bates, J.). But Judge Bates' Order dealt with additional forms of *petitioner's* statements relied upon on the Return, a matter addressed by Amended CMO § I.E.1. Here petitioner seeks additional forms of statements made not by him but by other detainees, which would fall under Amended CMO § I.E.2. Petitioner's request fails to meet the requirements of § I.E.2 in at least one important respect: petitioner does not explain why "the request, if granted, is *likely* to produce evidence that demonstrates that petitioner's detention is unlawful." Amended CMO § I.E.2 (emphasis added). Petitioner speculates that the statements may have been recorded or translated incorrectly. Such speculation, though possible, does not indicate a likelihood that additional forms of the statements will show that petitioner's detention is unlawful. Accordingly, petitioner's requests for additional forms of detainee statements shall be denied.

### C. Circumstances of Statements by Various Other Detainees

Petitioner also requests the circumstances surrounding the detainee statements discussed in the previous subsection. Again, these requests will be evaluated under Amended CMO § I.E.2.

*1. Circumstances of Statements by Detainee* ▮▮▮ *(Pet'r Req. # 1)*

Petitioner requests the circumstances surrounding statements by ▮▮▮ ▮▮▮ Petitioner supports this request with evidence of ▮▮▮ harsh treatment.



---

[3]Petitioner's motion requests "all documents discussing the circumstances surrounding the statements aggressive and harsh treatment [sic] at Guantanamo through April 14, 2003" of ▮▮▮ ▮▮▮ Although petitioner's request appears to be missing several words, the Court shall

4

Petitioner draws extensively from a report by the Department of Justice's Office of Inspector General (hereinafter "OIG report") provided by respondents in discovery. (Pet'r's Mot. at 3–12; *see also* Resp'ts' Opp'n at 6 (noting respondents' production of the OIG report). According to petitioner, the OIG report described religious insults, the use of dogs, sleep deprivation, isolation, and other tactics that could reasonably be expected to result in coercion. Petitioner did not attach relevant portions of the OIG report to his filings, but respondents did not contradict his summary. The OIG report supports plaintiff's claim that it is likely that documents exist that would confirm or expand upon the harsh treatment ▓▓▓ has endured. If ▓▓▓ has endured harsh treatment that weakens the credibility of his statements, respondents' case that petitioner is being legally detained is weakened. Accordingly, any reasonably available evidence of abuse, coercion, or inhuman or degrading treatment suffered by ▓▓▓ after his capture but before any statement of his relied upon in the Return must be disclosed to petitioner.

In addition to evidence of harsh treatment, petitioner also requests the locations in which ▓▓▓ was held since his transfer and generalized information as to "the conditions under which he was held during that period." (Mot. at 9.) But petitioner has not claimed that the locations in which ▓▓▓ was held would negatively affect ▓▓▓ credibility or otherwise show that petitioner is being unlawfully detained. Nor has petitioner made such a claim as to the generalized conditions in which petitioner was held. Petitioner has thus failed to meet the requirement that the sought discovery be likely to prove his detention is unlawful, and petitioner's request must be denied in these two regards.

---

construe the request as seeking the circumstances surrounding ▓▓▓ statements, as well as evidence of aggressive and harsh treatment through April 14, 2003.

*2. Circumstances of Statements by Detainee* ▓▓▓ *(Pet'r Req. # 5)*

Petitioner also seeks the circumstances of statements by detainee ▓▓▓ ▓▓▓ cited in the Return (including the location of his interrogation). To support his claim of ▓▓▓'s questionable credibility, petitioner submits two independent news accounts focusing on the harsh treatment alleged visited upon ▓▓▓ since his capture.[4] (*See* Mot. at 16–17 (citing "From Germany to Guantanamo: the Career of Prisoner No. ▓▓▓," *Spiegel* (Oct. 9, 2008); "The Conscience of the Colonel," *Wall St. J.* (Mar. 31, 2007)).) Two news stories are not altogether consistent with each other, but they both specifically allege harsh treatment against ▓▓▓. The two independent news accounts from major periodicals specifically alleging harsh treatment against ▓▓▓ is in this case enough to meet the likelihood requirement of the CMO, and accordingly respondents are ordered to disclose any reasonably available evidence of abuse, coercion, or inhuman or degrading treatment suffered by ▓▓▓ after his capture but before he made any of the statements relied upon in the Return.

However, petitioner has not claimed that the location(s) in which ▓▓▓ was interrogated negatively affected his credibility or would demonstrate that petitioner's detention is unlawful. Petitioner's request shall be denied in that respect.

*3. Circumstances of Statements by Other Detainees (Pet'r Reqs. # 7, 9, 12, 14, 16)*

Petitioner seeks the circumstances of statements by five other detainees: ▓▓▓

---

[4] Although media reports cannot, of course, be considered as evidence, they can be considered here by the Court in determining whether to grant petitioner's discovery request under the Amended CMO.

████████████ Petitioner implies that these detainees may have been subjected to harsh treatment that would negatively affect their credibility. But petitioner offers nothing that would raise his implications above mere speculation to the likelihood required by Amended CMO § I.E.2. Accordingly, petitioner does not meet the requirements of the Amended CMO, and his requests for the circumstances surrounding the statements of these five other detainees must be denied.

### D. Other Information Related to the Credibility of Other Detainees

*1. "Any and All Documents" Related to the Credibility of* ████████████ *and* ████████████ *(Pet'r Reqs. # 3, 4)*

Petitioner seeks "any and all documents" related to the credibility of two detainees whose statements are relied upon in the Return: ████████ (discussed above) and ████████████ ████ For ████████ petitioner also seeks "specifically any assessments related to his credibility by the Office of Administrative Review for the Detention of Enemy Combatants." Again, these requests will be evaluated according to Amended CMO § I.E.2.

As an initial matter, the request for "any and all" documents "related" to the credibility of either detainee is not narrowly tailored as required by § I.E.2. Considering that § I.E.2 applies by its terms only to evidence that is likely to prove that petitioner is unlawfully detained, the Court will consider these requests only insofar as they seek any documents that reflect *negatively* upon the credibility of either detainee.

Even after that limitation, petitioner still must establish that it is in fact likely that the discovery request will yield evidence that will show that petitioner is unlawfully detained; in

7

other words, that such negative assessments of the detainees' credibility are likely to exist. Petitioner has met his burden as to ▮ with the OIG report detailing ▮ harsh treatment. Given the treatment described in the OIG report, it is likely that negative assessments of ▮ credibility exist. As for ▮ petitioner attaches as Appendix A a classified opinion by another judge of this Court (*Sliti v. Bush*, Civ. No. 05-429 (D.D.C. Jan. 30, 2009) (Leon, J.)) concluding that ▮ lacked credibility. That opinion cited a June 2007 warning from the Office of Administrative Review and Detention of Enemy Combatants (OARDEC) at Guantanamo Bay stating that ▮ "first-hand knowledge in reporting has come into question since 2005." (Mot. App. A at 5.) The finding of another judge of this Court, supported by a government statement questioning ▮ reliability, establishes that it is likely that documents exist that reflect negatively upon ▮ credibility. Accordingly, respondents are ordered to disclose any reasonably available documents that reflect negatively on either ▮ ▮ credibility. For ▮ respondents are specifically ordered to disclose the OARDEC report cited in Judge Leon's *Sliti* opinion.

2. *Reasons for Release of Detainee* ▮ *(Pet'r Req. # 11)*

Detainee ▮ whose statements were relied upon in the return, has been released from Guantanamo since giving those statements. Petitioner seeks the reasons for ▮ release, speculating that ▮ may have been released in return for providing incriminatory statements about petitioner. Petitioner offers no evidence of any kind to support his speculation and thus fails to establish that his request, if granted, would be likely to show that he is being unlawfully detained. By the terms of Amended CMO § I.E.2, petitioner's request must be denied.

8

*3. Whether a Bounty Was Paid in Relation to Petitioner's Capture (Pet'r Req. # 18)*

Petitioner seeks "any and all documents" relating to any bounty paid to third parties for his capture. Petitioner notes that another judge of this Court has held that such documents fall under Amended CMO § I.D.1, which requires disclosure of "all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for holding the prisoner." (Mot. at 25 (citing *Hatim v. Bush*, Civ. No. 05-1429, Doc. [191] (D.D.C. Jan. 7, 2009) (Urbina, J.)). It appears to the Court that such bounty information would only fall under Amended CMO § I.D.1 if it undermined the information in the Return. If it did not, then it would be irrelevant to respondents' case for detention. Therefore, the government is ordered to disclose any reasonably available documents relating to any fees, bounties, or other monetary or non-monetary remuneration or consideration given to third parties for the apprehension, transfer into the government's custody, continued detention, or investigation of petitioner, including but not limited to payments, gifts, loans, promises of leniency, preferential treatment, release, reduction in charges, or improvements in the conditions of detention given to third parties, *but only* insofar as the information contained in those documents tends materially to undermine the information provided in the Return.

## E. Depositions of Other Detainees (Pet'r Reqs. # 5, 7, 9, 12, 14, 16)

Finally, petitioner seeks to depose six of the seven detainees whose statements are cited or relied upon in the Return regarding the circumstances of those statements. Petitioners' requests for depositions appear to fall fully outside the bounds of the Amended CMO. Petitioner's requests for depositions shall be denied.

9

## III. CONCLUSION

The various requests contained in petitioner's First Motion [1096] for Leave to Take Discovery shall be granted and denied as described herein. A separate Order shall issue this date.

6/22/09
DATE

*Royce C. Lamberth*
ROYCE C. LAMBERTH
CHIEF JUDGE



FILED WITH
COURT SECURITY OFFICER
4/22/09
DATE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NADIR OMAR ABDULLAH BIN SA'ADOUN ALSA'ARY (ISN 030), )<br><br>Petitioner, )<br><br>v. )<br><br>BARACK H. OBAMA, *et al.*, )<br><br>Respondents. ) | Civil No. 09-745 (RCL) |

## ORDER