

FILED WITH
COURT SECURITY OFFICER
4/22/09
DATE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AHMED SLAM AL-KHATEEB (ISN 689), | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Civil No. 09-745 (RCL) |
| BARACK OBAMA, et al., | ) ) |
| Respondents. | ) ) ) |

### MEMORANDUM & ORDER

Petitioner is challenging the legality of his detention at the United States Naval Base in Guantanamo Bay, Cuba ("Guantanamo"). Before the Court is petitioner's Motion [1186] to Compel or, in the Alternative, for Leave to Seek Discovery. As described herein, the Court shall grant petitioner leave to seek certain discovery.

The Court is operating under the Case Management Order ("CMO") issued by Judge Hogan of this Court in the consolidated Guantanamo habeas cases (Misc. No. 08-442) on November 6, 2008, as amended on December 16, 2008.[1] The subjects of petitioner's motion are



---

[1] The Amended CMO was later amended further by Judge Walton of this Court. *Gherebi v. Bush*, Civ. No. 04-1164, Order [797] (D.D.C. Dec. 19, 2008) (Walton, J.). Because that Order was issued before petitioner's case was transferred from Judge Walton to the undersigned member of the Court, it is binding on petitioner's case. However, Judge Walton's amendments do not affect Amended CMO § I.E, which is the only section at issue for petitioner's requests.

1





Petitioner's motion seeks to compel production, or, in the alternative, leave to seek discovery of three categories of evidence:

## A. Petitioner's Motion to Compel

Petitioner's motion first seeks to compel respondents' production of the

---

[2]Petitioner originally included a fourth request for "a written description of how the

but that request was later withdrawn. (*See* Reply at 3 n.1.)

2

███████████ under Amended CMO § I.E.1. Section I.E.1 requires the government to disclose, if requested by the petitioner, "any documents or objects in the government's possession that the government relies on to justify detention" (among other things). Petitioner

███████████████████████████████████████████

███████████████████████████████████████████

### B. Petitioner's Motion, in the Alternative, for Leave to Seek Discovery

███████████████████████████████████████████

3

In the alternative, petitioner moves for leave to seek discovery ████████ under Amended CMO § I.E.2. Section I.E.2 states that

> [t]he Merits Judge may, for good cause, permit the petitioner to obtain limited discovery beyond that described in [Section I.E.1]. Discovery requests shall . . . (1) be narrowly tailored, not open-ended; (2) specify the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that demonstrates that petitioner's detention is unlawful; and (4) explain why the requested discovery will enable the petitioner to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the government.

Amended CMO § I.E.2 (citations omitted). Petitioner's discovery request will be evaluated according to this standard.

Petitioner's request is certainly both narrowly tailored and specific. Petitioner is asking for a finite number ████████ used on a specific occasion with a single detainee. Petitioner's request also appears not to be unfairly disruptive or unduly burdensome to the government: the Return's footnote noted that the ████████ account was accessible as recently as 2007, and respondents do not indicate that it is no longer accessible. The only remaining issue, then, is whether petitioner has shown that it is likely that his request, if granted, would produce evidence demonstrating that his detention is unlawful. The Court concludes that, for at least some of his requests, petitioner has met that standard. ████████
████████
████████ It is therefore likely that petitioner's request will produce evidence that will weaken the government's justification for his detention.

However, not all of the specific requests made by petitioner are likely to show he is being unlawfully detained. ████████

4



Such broad disclosure would go beyond what is allowed by Amended CMO § I.E.2.

To bring petitioner's discovery requests within the confines of Amended CMO § I.E.2, the Court will order the following: First, if, using reasonably available[4] information, respondents



---

[4]In accordance with the Court's other orders dealing with discovery under Amended CMO § I.E, the Court will only grant discovery as to "reasonably available" evidence. In this context, "reasonably available" evidence means evidence contained in any information reviewed by attorneys preparing factual returns for all detainees held at Guantanamo Bay or any other United States military facility; it is not limited to the evidence discovered by attorneys preparing factual returns for this petitioner. *See Gherebi v. Bush*, Civ. No. 04-1164, Order [797] (D.D.C. Dec. 19, 2008) (Walton, J.) (amending slightly Amended CMO § I.D.1).

5



(referenced in Return Paragraph 25 footnote 3).

\* \* \*

In accordance with the above Memorandum, it is hereby

ORDERED that if, using reasonably available information, respondents can determine



; and it is further



ORDERED that in all other respects petitioner's Motion [1186] is DENIED; and it is further

ORDERED that all disclosures ordered in this Order shall occur within 30 days of the date of this Order.

SO ORDERED.

6/22/09
DATE

Royce C. Lamberth
ROYCE C. LAMBERTH
CHIEF JUDGE