UNCLASSIFIED//FOR PUBLIC RELEASE

FILED WITH THE
COURT SECURITY OFFICER
SY MPeders
DATE: 9 | 4 |09

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHARGOWI LNU (ISN 1457), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 09-745 (RCL) |
| | ) | |
| BARACK OBAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM OPINION

Petitioner is challenging the legality of his detention at the United States Naval Base in

Guantanamo Bay, Cuba ("Guantanamo"). Before the Court is petitioner's Motion [1217] for

Leave to Take Discovery. Upon consideration of the motion, respondents' opposition, and

petitioner's reply, the motion shall be granted in part and denied in part for the reasons set forth

below.

## I. BACKGROUND

This Court is operating under the Case Management Order ("CMO") issued by Judge

Hogan of this Court in the consolidated Guantanamo habeas cases (Misc. No. 08-442) on

November 6, 2008, as amended on December 16, 2008.[1] Section I.E of the Amended CMO

provides rules for discovery. Section I.E.1. sets forth the discovery materials that the government

must provide to petitioner upon his request. *See* Amended CMO § I.E.1. Section I.E.2. provides

a four part test that petitioner must satisfy in order to obtain additional discovery. Specifically,

---

[1] Judge Walton of this Court further amended the Amended CMO. *Gherbi v. Bush*, Civ. No. 04-1164, Order [797] (D.D.C. Dec. 19, 2008) (Walton, J.). After Judge Walton's Order, petitioner's case was transferred to the undersigned member of the Court. As a result, that Order is binding on petitioner's case, and any deviations from the Amended CMO will be noted.

UNCLASSIFIED//FOR PUBLIC RELEASE

Section I.E.2. states that:

> [t]he Merits Judge may, for good cause, permit the petitioner to obtain limited discovery beyond that described in [Section I.E.1.]. . . . Discovery requests shall . . . (1) be narrowly tailored, not open-ended; (2) specify the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that demonstrates that petitioner's detention is unlawful . . .; and (4) explain why the requested discovery will enable the petitioner to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the government.

Amended CMO § I.E.2. (citations omitted).

Pursuant to Amended CMO § I.E.2., petitioner seeks this Court's approval of ten additional discovery requests and authorization to conduct limited written discovery. (Pet'r's Mot. at 1, 6, Ex. A.). The Court will only grant those discovery requests that meet the standard set forth in the Amended CMO. In addition, because petitioner does not specify where any of the discovery he seeks is located, and because Section I.E.2. requires that requests must not unfairly disrupt or unduly burden the government, "the Court will only consider petitioner's discovery requests insofar as they seek *reasonably available* evidence." *Alsa'ary v. Obama*, Civ. No. 09-745, Mem. Op. [1251] at 2 (D.D.C. June 22, 2009) (Lamberth, C.J.). In the context of this opinion and the accompanying order, "'reasonably available' evidence means evidence contained in any information reviewed by attorneys preparing factual returns for all detainees held at Guantanamo Bay or any other United States military facility; it is not limited to the evidence discovered by attorneys preparing factual returns for this petitioner." *Id.*

## II. PETITIONER'S DISCOVERY REQUESTS

### A. Records and Reports of Interrogations of Petitioner (Pet'r's Reqs. Nos. 1 and 3)

In requests Nos. 1 and 3, petitioner seeks the records and reports pertaining to his interrogation upon which respondents rely to support his detention. Specifically, request No. 1

2

UNCLASSIFIED//FOR PUBLIC RELEASE

seeks "[a]ll records or reports of interrogations of Petitioner after his capture in Pakistan" (Pet'r's

Mot. Ex. A at 1.), and request No.3 seeks "[a]ll records or reports pertaining to Petitioner in his

'hard file' after his capture in Pakistan." (*Id.* at 3.) Both requests are limited to include "video

and/or audio of all interrogations upon which Respondents rely, any transcripts or original notes

of all interrogations upon which Respondents rely, any reports related to any interrogations upon

which Respondents rely other than the one who prepared the particular reports cited by

Respondents in the Amended Factual Return." (*Id.* at 1, 3.) As a result, petitioner's requests are

narrowly tailored to include only the evidence upon which respondents' rely, and petitioner's

access to the evidence sought will likely demonstrate petitioner's detention is unlawful.

Accordingly, these requests satisfy the "good cause" requirement of Section I.E.2.

Moreover, even if these requests did not satisfy the" good cause" requirement of Section

I.E.2., respondents would have to produce all forms of petitioner's statements included in the

factual return pursuant to Amended CMO § I.E.1. *See* Amended CMO § I.E.1. (stating that "the

government shall disclose . . . (2) all statements, in whatever form, made or adopted by the

petitioner that the government relies on to justify detention; and (3) information about the

circumstances in which such statements of the petitioner were made or adopted"). Indeed, as this

Court recently held, "[i]f the government wishes to use petitioner's statements against him, it

must produce all forms of that statement to the petitioner as well as the circumstances in which

the statements were made or adopted, which would include interrogation logs." *Bin Attash v.*

*Obama*, Case No. 05-1592, Mem. [215] at 14 (D.D.C. June 12, 2009) (Lamberth, C.J.). The

third-party reports provided to petitioner thus far are insufficient (Pet'r's Mot. Ex. A at 1.), and

respondents must disclose all forms of the statements included in the factual return, not just

3

summaries of his statements.

Accordingly, to the extent that petitioner's requests Nos. 1 and 3 seek "reasonably available" records and reports of interrogations in which petitioner made or adopted statements upon which respondents rely to justify his detention, petitioners' request shall be granted. Respondents' obligation includes producing any video, audio, transcripts, notes, and/or reports of all petitioner's statements upon which respondents rely.

**B. Circumstances of Interrogations (Pet'r's Req. No. 2)**

Petitioner seeks "[a]ny documents, including but not limited to any interrogation logs or interrogation plans that list or describe the date, time, place, or circumstances of interrogations of Petitioner." (Pet'r's Mot. Ex. A at 2.) In his reply, petitioner limits this request "to information related to the circumstances of interrogations that produced the statement upon which Respondents rely to justify Petitioner's detention." (Pet'r's Reply at 3.) Respondents claim that they produced all reasonably available information about the circumstances in which petitioner made or adopted the statements that respondents rely upon to justify his detention on February 13, 2009. As stated above, however, if the government wishes to use statements made or adopted by petitioner against him, the government must also produce not only the circumstances in which the statements were made or adopted, but also the interrogation logs. *Bin Attash*, 05-1592, Mem. [215] at 14. Accordingly, respondents must produce the circumstances in which petitioner's statements were made or adopted, including any interrogation logs or plans, which were not produced on February 13, 2009.

**C. Documents Related to Extraordinary Rendition of Petitioner (Pet'r's Req. No. 4)**

Petitioner requests all documents related to his extraordinary rendition "prior to his

4

detention in Baghram [sic] and Guantanamo, including all statements made or adopted by petitioner during this process." (Pet'r's Mot. Ex. A at 4.) Petitioner fails to show that these documents would likely show that his detention is unlawful.  Moreover, to the extent that respondents rely upon any statements made during extraordinary rendition to justify petitioner's detention, information regarding such statements are covered by the Court's order of this date requiring respondents to produce all reasonably available records and reports of interrogations in which petitioner made or adopted statements upon which respondents rely to justify his detention.  Accordingly, this request shall be denied.

**D. Information Regarding Other Individuals Associated With Guest Houses in Pakistan Who Were Not Enemy Combatants (Pet'r's Req. No. 5)**

Petitioner seeks "information showing that there were individuals associated with the guest house where Petitioner was captured who were not enemy combatants." (Pet'r's Reply at 7.)  This request does not satisfy the "good cause" requirements of Amended CMO § I.E.2.  The request is narrowly tailored, but it will not likely produce evidence that demonstrates petitioner's detention is unlawful.  The fact that others may not have been detained at petitioner's guest house does not show that petitioner's detention is unlawful.  Accordingly, this request shall be denied.

Nevertheless, this Court agrees with petitioner's assertion that such information tends to materially undermine respondents' position that petitioner was captured at an al-Qaida associated guest house.  If this evidence is reasonably available, it should have been turned over to petitioner pursuant to Amended CMO § I.D.1.  *See* Amended CMO § I.D.1, *as amended by Gherbi v. Bush*, Civ. No. 04-1164, Order [797] (D.D.C. Dec. 19, 2008) (Walton, J.) (requiring the government to "disclose to the petitioner all reasonably available evidence in its possession

5

UNCLASSIFIED//FOR PUBLIC RELEASE

that tends materially to undermine the information presented to support the government's justification for detaining the petitioner").

## E. Information Relating to the Use of Bounties (Pet'r's Req. No. 6)

Petitioner requests all information pertaining to the United States' use of bounties to capture individuals in Pakistan after September 11, 2001. (Pet'r's Mot. Ex. A at 5.) Petitioner fails to explain how this request satisfies any of the requirements of Section I.E.2. Whether bounties were used is irrelevant to petitioner's detention. Accordingly, this request shall be denied.

## F. Information Relating to Evidence of Torture and Abuse (Pet'r's Req. No. 7)

Petitioner seeks all information about his treatment from the date he was captured until he was transferred to Guantanamo, "including information regarding the circumstances surrounding any statement upon which Respondents rely, such as evidence of abusive treatment, torture, mental or physical incapacity which could affect the credibility and/or reliability of evidence being offered." (Pet'r's Mot. Ex. A at 5.) Through a declaration of his attorney as to petitioner's recollection of his experiences, petitioner alleges he was subject to physical and psychological coercion in Jordan, in a secret prison in Afghanistan, and in Bagram prior to his transfer to Guantanamo Bay in b(1) 2004. (*Id.* Ex. B.) These allegations and those contained in the exhibits of petitioner's reply have enough specificity, which respondents do not deny, that the Court finds that petitioner has made a sufficient claim that he was subject to these conditions from his capture in 2002 until he was rendered to Guantanamo in 2004.

Respondents' argument that petitioner is free to state his knowledge of the circumstances surrounding the statements he made in order to attack the reliability of the statements upon which

6

UNCLASSIFIED//FOR PUBLIC RELEASE

respondents rely to justify his detention is unpersuasive.  As this Court stated in *Bin Attash*,

"[a]ssuming that the physical or psychological coercion occurred prior to or simultaneously to the

time that the petitioner gave the . . . statements that the government relies on in the factual return,

evidence of that coercion would be exculpatory." Civ. No. 05-1592, Mem. [215] at 17.

Respondents are required to produce such exculpatory evidence under Amended CMO § I.D.1.

Accordingly, consistent with previous orders of other members and the undersigned

member of this Court, the Court shall order the government to produce all reasonably available

evidence of abusive treatment, torture, or mental or physical incapacity prior to or

contemporaneous with the time that petitioner gave any statements that are included in the

factual return. *See Bin Attash*, Civ. No. 05-1592, Mem. [215] at 18 (ordering production of any

reasonably available evidence that "petitioner was subjected to abuse, torture, coercion, or

duress"); *Al-Mithali v. Bush*, Civ. No. 05-2186, Order [138] at 2 (D.D.C. Jan. 9, 2009) (Huvelle,

J.) (ordering production of any document indicating that petitioner was a victim of abuse, torture,

or coercion by either foreign or domestic government authorities); *Al Odah v. United States*, Civ.

No. 09-828, Order [474] at 2 (D.D.C. Feb. 12, 2009) (Kollar-Kotelly, J.) (ordering the

government to produce "evidence that indicates a statement is unreliable because it is the product

of abuse, torture, or mental or physical incapacity"). Respondents' failure to deny petitioner's

allegations or produce evidence of coercion will result in respondents' being precluded from

using any of petitioner's statements in the merits of this litigation. *Bin Attash*, Civ. No. 05-1592,

Mem. [215] at 19.

**G.  Information Showing Knowledge of Promises or Representations Made to Petitioner
That Resulted in His Confession (Pet'r's Req. No. 8)**

7

UNCLASSIFIED//FOR PUBLIC RELEASE

This request seeks "[a]ll information showing Respondents' knowledge of promises or representations made to Petitioner that if Petitioner confessed he would be released." (Pet'r's Mot. Ex. A at 5.) Petitioner has not provided any assertions that respondents promised his release if he confessed. Accordingly, this request fails to fulfill the "good cause" requirements and shall be denied.

## H. Petitioner's Medical Records (Pet'r's Req. No. 9)

Petitioner requests all documents concerning his "physical or mental condition since he has been held in Guantanamo, including . . . all medical records, or any other records describing his treatment." (Pet'r's Mot. Ex. A at 6.) Petitioner fails to demonstrate that the documents would likely show that his detention was unlawful. Furthermore, to the extent that records detail alleged "abusive treatment, torture, or mental or physical incapacity," the records will be produced pursuant to the order accompanying this memorandum that requires the government to produce all reasonably available evidence of abusive treatment, torture, or mental or physical incapacity prior to or contemporaneous with the time that petitioner gave any statements that are included in the factual return. Accordingly, the Court shall deny this request.

## I. Documents Generated by Review of Petitioner's Detention Ordered by President Obama (Pet'r's Req. No. 10)

Petitioner seeks all documents and facts generated by the Executive Task Force created by President Obama's January 22, 2009 Executive Order.[2] (Pet'r's Mot. Ex. A. at 6.) Respondents' assertion that searching the Task Force's materials would be too burdensome is unavailing. As this Court has previously stated, the Task Force's materials are readily available

---

[2] Executive Order No. 13,492 at § 4(c)(1), 74 Fed. Reg. 4897 (Jan. 22, 2009).

8

UNCLASSIFIED//FOR PUBLIC RELEASE

UNCLASSIFIED//FOR PUBLIC RELEASE

and may produce new exculpatory information. *Bin Attash*, Civ. No. 05-1592, Mem. [215] at 16.

Only upon respondents' production of exculpatory Task Force materials will this Court be able to

give petitioner a "meaningful opportunity to demonstrate that he is being held pursuant to the

erroneous application of interpretation of relevant law." *Boumediene v. Bush*, 128 S. Ct. 2229,

2266 (2008). Accordingly, this Court shall order respondents to produce any exculpatory

materials assembled by the Executive Task Force.

**J. Written Discovery Requests**

Finally, petitioner seeks permission to issue a limited number of written discovery

requests. (Pet'r's Mot. at 6.) Petitioner has not shown how these requests would likely show that

his detention is unlawful. Accordingly, the Court shall deny this request.

### III. CONCLUSION

For the reasons stated above, petitioner's Motion for Discovery shall be granted in part

and denied in part. A separate Order shall issue this date.

9/9/09
DATE

ROYCE C. LAMBERTH
CHIEF JUDGE

9

UNCLASSIFIED//FOR PUBLIC RELEASE