UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **IDRIS AHMAD ABDU QADIR IDRIS (ISN 35),** | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 09-cv-745 (RCL) |
| **BARACK OBAMA,** President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) ) | |

**MEMORANDUM AND ORDER**

Before the Court are respondents' Motion [1160] to Dismiss and petitioner's Motions [1241, 1242, 1245] for Direct Contact with Client, to Compel Discovery Regarding Petitioner's Competence, Knowledge, and Voluntariness, and for an Expedited Ruling on Petitioner's Motion for Direct Contact with Client.  For the reasons set forth below, the Court will grant respondents' motion and deny petitioner's motions.

**I.  BACKGROUND**

On December 21, 2005, the Center for Constitutional Rights filed a petitioner for writ of *habeas corpus* on behalf of petitioner and other detainees.[1]  (Pet. for *Habeas Corpus*.)  In the petition, Sami Muhyedin al Hajj, a Guantanamo Bay detainee, acted as "next friend" for petitioner and forty-nine other detainees.  (*Id.*)

On July 29, 2008, the Court ordered counsel to file "a signed authorization from the petitioner to pursue the action or a declaration by counsel that states that the petitioner directly

---

[1] The case was originally assigned to Judge Walton of this Court before being transferred to the undersigned on April 21, 2009.  (Order [1153].)

authorized counsel to pursue the action and explains why counsel was unable to secure the signed authorization" within 60 days. (Order [524] at 2.) Counsel from the Center of Constitutional Rights visited Guantanamo Bay on several occasions after the Court's Order, but were unable to obtain the required authorization from petitioner to proceed with this case.

Then, on November 14, 2008, the Center for Constitutional Rights filed a Motion [700] to Appoint Counsel on November 14, 2008. The Court granted the motion and appointed the Officer of the Federal Public Defender for the North District of Ohio as counsel for petitioner. Counsel entered their appearance on December 15, 2008.

After obtaining their security clearances, counsel first visited Guantanamo Bay in February 2009. Since then, counsel visited Guantanamo in March, April, May, and June. Despite traveling to Guantanamo on five separate occasions,[2] counsel have yet to produce a signed authorization or declaration to proceed with this case as required by the Court's July 29, 2008 Order. On each visit, the guards have informed counsel that petitioner does not want to meet.

Although counsel has not met with petitioner, counsel's investigator, who speaks Arabic, met with petitioner's family in Yemen. The investigator explained the "Next Friend" concept to petitioner's brother, Abdulqader Ahmed Idris. Abdulqader then signed a Next of Friend Authorization to allow the case to proceed. (Pet'r's Opp'n Ex. A.) Abdulqader signed the authorization because he believes that as a result of his prolonged detention, petitioner "lacks the necessary voluntariness to make decisions on his own behalf," and because petitioner would

---

[2] In respondents' most recent filing on October 1, 2009, they note that petitioner has refused to meet with counsel on at least two more occasions.

want his brother "to take legal action on his behalf to secure his release." (*Id.*)

On April 29, 2009, respondents filed a Motion [1160] to Dismiss Due to Lack of Authorization of Representation.  Petitioner opposed the motion and filed a Motion [1241] for Direct Contact with Client, a Motion [1242] to Compel Discovery Regarding Competence, Knowledge, and Voluntariness, and a Motion [1245] for an Expedited Ruling on Petitioner's Motion for Direct Contact with Client.

## II.  DISCUSSION

### A. *Petitioner's Motions for Direct Contact, to Compel, and for Expedited Ruling*

As a threshold matter, the Court finds that the relief sought by petitioner's counsel in the motions for direct contact and to compel is not necessary to resolve respondents' motion to dismiss.  In addition, petitioner's Motion for an Expedited Ruling is moot.  Accordingly, the Court will deny petitioner's motions.

Contrary to petitioner's counsel's assertion, the Court finds that it is not necessary for counsel to meet with petitioner for petitioner to validly refuse to authorize counsel to pursue his action.  By refusing to meet with counsel on at least five occasions, petitioner has unequivocally refused to authorize counsel to go forward with his case.  Indeed, petitioner has had ample opportunity to change his mind and meet with counsel in order to authorize his case to proceed, but he has refrained from doing so.

Furthermore, the Court finds that nothing in the record indicates that petitioner suffers from any psychological damage as a result of his confinement at Guantanamo.  Petitioner's refusal to meet with counsel is not enough to support counsel's claim that petitioner may suffer from an incapacity that prevents him from accessing the Court's jurisdiction on his own.

Without some evidence that petitioner suffers from a mental incapacity, the Court will not compel discovery into petitioner's competence, knowledge, and voluntariness.

## B. Respondents' Motion to Dismiss

The Court finds that counsel for petitioner have failed to obtain a signed authorization from petitioner to proceed with this case and have failed to provide a declaration that states that petitioner has directly authorized counsel to pursue the action and explains why counsel has not produced a signed authorization. Accordingly, the Court will grant respondents' motion.

On July 29, 2008, Judge Hogan of this Court issued an Order [524] in the consolidated Guantanamo *habeas* cases (Misc. No. 08-442) that required counsel to file "a signed authorization from the petitioner to pursue the action or a declaration by counsel that states that the petitioner directly authorized counsel to pursue the action and explains why counsel was unable to secure a signed authorization" within 60 days. (Order [524] at 2.) If counsel fails to obtain the authorization from his or her client, the Court does not have jurisdiction over petitioner's challenge. *See, e.g., Al-Hawawi v. Gates*, Civ. No. 08-1645 (D.D.C. Jan. 28, 2009) (Leon, J.) (dismissing petitioner for writ of *habeas corpus* for lack of petitioner authorization); *cf. Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990) (holding that an inmate could not maintain a habeas petition on behalf of another inmate who declined to appeal his sentence, unless the other inmate "is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability").

The Court finds that petitioner's counsel has failed to fulfill the requirements of Judge Hogan's Order that would allow counsel to pursue petitioner's action. Petitioner's counsel have traveled to Guantanamo Bay to meet with clients, including petitioner, on at least five occasions

since February. Counsel, however, have been unable to obtain petitioner's authorization to pursue his action, and they have not filed a declaration that states petitioner has authorized them to proceed and explains why counsel has not produced a signed authorization.

Nevertheless, petitioner's counsel contends that the "next friend" authorization from Abdulqader is sufficient to allow counsel to proceed on petitioner's behalf. This argument, however, is contrary to Judge Hogan's Order. The Order specified that in all cases in which petitioner is represented in the petition by a next friend, counsel must produce a signed authorization from petitioner or a declaration of counsel stating that petitioner directly authorized counsel to proceed. (Order [524] at 2.) Without a signed authorization or a declaration of counsel, this Court must dismiss the *habeas* petition.

Even if Abdulqader's next friend authorization were sufficient to allow counsel to pursue the petition, Abdulqader does not have next friend standing because Abdulqader has not produced any reasons why petitioner cannot appear on his own behalf. To have next friend standing there must be a reason why the detainee cannot appear on his own behalf and the next friend must be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate. "*Whitmore*, 495 U.S. at 163-64. Here, counsel's mere speculation that petitioner was mistreated and suffers from debilitating effects from his confinement at Guantanamo Bay is insufficient to demonstrate that petitioner is "unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* In addition, because Abdulqader has never met with petitioner since his confinement, counsel cannot be certain that Abdulqader represents petitioner's best interests. Accordingly, the Court will grant respondents' motion to dismiss.

## III.  CONCLUSION

For the reasons stated above, respondents' motion shall be granted and petitioner's motions shall be denied.  A separate order shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on October 6, 2009.