UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDAL RAZAK ALI (ISN 685), | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 09-745 (RCL) |
| BARACK OBAMA, *et al.*, | ) ) ) | |
| Respondents. | ) ) ) | |

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's Motion [1292] for an Order to Show Cause.[1] Petitioner alleges that respondents violated the Court's Order [1169] of June 1, 2009, issued by Judge Hogan in the consolidated Guantanamo habeas cases (Misc. No. 08-442). The Court agrees with petitioner and will therefore grant petitioner's motion.

## DISCUSSION

Late last year, respondents moved to seal the unclassified factual returns that the Court required respondents to file for each Guantanamo habeas petitioner. On June 1, 2009, Judge Hogan denied respondents's motion. In the accompanying Memorandum [1195], Judge Hogan noted that the September 11, 2008 Protective Order provided that "the ultimate decision to deem information protected is left to the Court." (Mem. at 2.) Accordingly, Judge Hogan ordered respondents

---

[1] The Court agrees with Judge Bates that although petitioner's motion seeks a "'rule to show cause[,]' . . . [t]he motion more properly seeks an 'order to show cause.'" *Abdul Hamid Al-Ghizzawi*, 05-2378, Order [266] (D.D.C. Sept. 24, 2009) (Bates, J.).

>to either (i) publicly file a declassified or unclassified factual return or (ii) file under seal with petitioner's counsel and the appropriate Merits Judge an unclassified factual return highlighting with a colored marker the exact words or lines the government seeks to be deemed protected, as well as a memorandum explaining why each word or line should be protected.

(June 1, 2009 Order at 1-2.) Pursuant to the Order, respondents publicly filed a declassified factual return on July 29, 2009. (Notice of Public Filing of Factual Return [1282].)

Petitioner's publicly filed factual return was heavily redacted. In reviewing the redactions, petitioner's counsel found that some of the redacted information was not classified. Petitioner's counsel then contacted respondents about the non-classified redacted information. Respondents replied that both classified and unclassified, but protected, information was redacted from the publicly filed factual return. As a result, petitioner filed this motion alleging that respondents improperly withheld non-classified information from the public factual return in violation of the June 1, 2009 Order.

This Court agrees with Judge Bates and finds that respondents withheld information as protected without following the procedures set forth in the June 1 Order. *See Abdul Hamid Al-Ghizzawi*, 05-2378, Order [266] at 2 (D.D.C. Sept. 24, 2009) (Bates, J.). To withhold information as protected, respondents must "file under seal . . . an unclassified factual return highlighting . . . the exact words or lines the government seeks to be deemed protected, as well as a memorandum explaining why each word or line should be protected." (June 1, 2009 Order at 2.) Respondents have not fulfilled either of these requirements. They did not file a factual return under seal with the portions highlighted that they sought to protect, and they did not file a memorandum explaining why the information should be protected. Rather, respondents filed a declassified factual return that redacted "any properly classified information, as well as

information designated as 'protected' which, while not classified, implicates significant security or other interest." (Opp'n at 4.) Such withholding of information as protected without Court approval is directly contrary to the June 1, 2009 Order.

In addition, respondents' argument that the public factual return is proper under option (i) the June 1, 2009 Order is without merit. As Judge Bates stated, "[f]iling pursuant to option (i) is available where a public factual return redacts *only* classified information." *Abdul Hamid Al-Ghizzawi*, 05-2378, Order [266] at 3. Indeed, "[i]f option (i) governed the filing of public factual returns that redacted protected information, option (ii) would be unnecessary." *Id.*

Accordingly, the Court shall grant petitioner's motion. Petitioner's counsel shall file under seal a proposed factual return for public filing that includes the publicly available information that respondents have redacted. Respondents shall show cause in a memorandum in response to petitioner's proposed return within seven days. The memorandum shall provide the specific reasons why respondents seek to withhold information from the public factual return as protected. Any reply by petitioner shall be filed within five days thereafter.

The Court will defer to Judge Hogan as to whether other relief is warranted for violation of his June 1, 2009 Order. This order grant's this petitioner all the relief he seeks in this case. A separate order shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on November 9, 2009.